## SOUTHEAST FIRST NATIONAL BANK v. FOWLER
Case No. 82-239-AP
Eleventh Judicial Circuit, Appellate Division, Dade County
July 18, 1983

J. Robert Olian, Britton, Cohen, Kaufman, et al., for appellant.

Henry W. Clar, for appellee.

Before PERSON, SALMON, KLEIN, JJ.

SALMON, J.

The issue in this case is whether the Appellant is entitled to a "deficiency judgment". We hold that it is, and reverse.

This case is governed by the Uniform Commercial Code (the "Code"). The method of sale employed in this case, private, is provided for in the Code. When the collateral is disposed of by private sale, the Code, *Florida Statutes* Section 679.504(3), provides the debtor need be notified of the time after which a private sale will be held. This was done in this case. Having complied with the Code, the Appellant was privileged to dispose of the collateral at private sale.

There is nothing in the record to suggest that the sale was commercially unreasonable. The claim that the Appellee's vehicle was financed on a retail basis requires disposition on a retail bais has no support in law.*

Having complied with the procedures provided for in the Code, the Appellant is entitled to all its remedies.

Reversed, and remanded, with instructions to enter a Judgment for the Appellant for its deficiency.

PERSON and KLEIN, JJ. Concur.

---

*By so holding we do not suggest that a "retail" sale—whatever that may be defined to be—is or is not commercially reasonable.